KATE T. RYCKMAN Respondent, v. STEPHEN C. GILLIS, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

Under a conveyance of land, with covenant for quiet enjoyment, reserving the right to enter on a certain part thereof and dig and take the clay and sand fit for brick making,—*Held*, that the grantor was not at liberty to remove the lateral support of the land granted, in the exercise of his right to take the clay and sand from the part specified.

Also, that the property in the clay and sand was excepted from the conveyance, and the provision in respect to entry for their removal did not change the nature of the grantor's title to them.

THIS was an appeal by the defendant from a judgment for the plaintiff, on the decision of the court, for damages, and perpetually restraining the defendant from so digging and removing clay or sand from certain premises as to destroy or impair the lateral support which the soil of such premises afforded to the plaintiff's adjacent premises, or to increase the tendency of such adjacent lands to crack, subside or fall away.

The questions in controversy turned upon the construction of a deed from the plaintiff to one Sarah B. Shutes, who had conveyed to the plaintiff, subject to the defendant's rights under his deed to her. The defendant claimed a right to remove clay and sand from a portion of the premises granted by him to Shutes, without regard to a disturbance of the condition of the remaining land by removal of the lateral support thereof; and the action was to recover damages for injuries already done in that particular, and for an injunction restraining the defendant from acts causing similar injuries. The provisions of the deed from the defendant, so far as material, are stated in the opinion.

It appeared that, at the time of defendant's conveyance, there were, and so remained at the time of sale, buildings upon the premises granted, and that, after receiving his title, the plaintiff had enlarged and improved them, but that these buildings neither disturbed the natural coherency of the soil,

or by their weight increased the tendency of the plaintiff's lands to fall away into the excavations made by the defendant.

*E. A. Brewster* and *E. L. Fancher*, for the appellant.

*S. W. Fullerton*, for the respondent.

Present—GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The determination of this case turns on the construction of the deed from the defendant to the plaintiff's grantor. The cardinal rule in the construction of deeds is to give effect to the intention of the parties to it; and this is now made obligatory by statute. (1 R. S., 748, § 2.)

This deed conveys twelve acres of land in fee, with a clause in it "reserving to the said Stephen C. Gillis, his heirs and assigns, the right at all times hereafter, so long as the clay or sand may last or be used for brick-making purposes, to enter upon that part of the aforesaid premises bounded and described as follows (here follows description), containing one acre and seventy-five hundredths of an acre of land; and to dig and take therefrom the clay and sand that may be found thereon fit for brick making. Such clay and sand is to be taken for no other purpose than brick making, and the right to enter upon the aforesaid part of said premises is to be only for the purpose of digging and removing such clay and sand." It also contains a covenant on the part of the defendant that " the said party of the second part (plaintiff's grantor), her heirs and assigns, shall and may, at all times hereafter, peaceably and quietly have, hold, use, occupy, possess and enjoy the above-granted premises, and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the said parties of the first part, their heirs or assigns, or of any other person or persons lawfully claiming or to claim the same."

It is not disputed that the plaintiff is entitled to subjacent

Ryckman *v.* Gillis.

and adjacent support to her land, unless the right to take away such support has been expressly granted to the defendant. It is contended by the defendant that the legal effect of the reservation in his deed is the same as that of an express grant to him of the right reserved. No doubt this is true. But he further contends that the right is to remove the lateral and vertical support of the plaintiff's land, without regard to the consequences to the plaintiff. We are of opinion that the deed does not allow of such a construction. The right contended for is not given in terms, and it would be unreasonable to suppose that the parties contemplated any such consequence. Upon such a construction the covenant for quiet enjoyment would have little effect. Taking the whole deed and giving effect to every part of it, we think the intention of the parties was to except from the premises granted the clay and sand, and to give the defendant the right to remove them, provided he would do so without disturbing the plaintiff's grantor in the enjoyment of that part of the property not excepted. Indeed, we are of opinion that such is the legal effect of the instrument upon the language employed. The use of the word "reserving" in the clause relating to the clay and sand, does not make that clause a technical "reservation." Lord COKE says: "The word ' reserve ' sometimes hath the force of saving and excepting. Sometimes it serveth to reserve a new thing, viz., a rent, and sometimes to except a part of the thing in use that is granted." (Co. Litt., 47 *a,* 143 *a.*) A reservation is never of any part of the estate granted, but must be of some new thing issuing out of it, as rent and the like, while an exception can only be of a part of the premises described as granted. (Shep. Touch., 77, 78 ; *Craig* v. *Wells,* 1 Kern., 315.)

Applying these rules, it is evident that the clay and sand were not conveyed by the defendant, but the property in them remained in him after the deed as before. The grant of the right to enter for the purpose of removing them worked no change in the nature of the defendant's property in the materials, for he had precisely the same right, and no other or

different, before the grant was made.  As to the clay and sand, therefore, the defendant occupied the position of an adjoining proprietor to the plaintiff, and was subject to the rule of the common law that every person must so use his own property as not to do any damage to the property of another.  The plaintiff's right of subjacent and adjacent support to his land is an easement which exists as a natural accessory of the soil.  It is founded in justice, and is now well sustained by authority.  (*Wiles* v. *Winsterly*, 2 Roll Ab., 564; *Farrand* v. *Marshall*, 21 Barb., 410, and cases cited; *Harris* v. *Ryding*, 5 M. & W., 60; *N. S. Rail. Co.* v. *Crosland*, 32 Law Jour., chap. 358; *Caled. R. Co.* v. *Sprot*, 2 McQueen, 452; *Harris* v. *Roberts*, 7 S. & B., 625.)

The judgment must be affirmed, with costs.

Judgment affirmed.